**In re Thomas John VITI.**

**No. 695, Docket 72–1254.**

United States Court of Appeals,
Second Circuit.

Submitted May 4, 1972.

Decided May 30, 1972.

Albert J. Brackley, Brooklyn, N. Y., for appellant.

David G. Trager, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty. for the E. D. of New York), for appellee.

Before KAUFMAN, ANDERSON and MANSFIELD, Circuit Judges.

PER CURIAM:

Thomas John Viti was subpoenaed to testify before a federal grand jury. He refused to answer questions although he was granted "use immunity" by Judge Weinstein pursuant to § 201(a) of the Organized Crime Control Act of 1970 ("Act"), 18 U.S.C. § 6002. Accordingly, on February 8, 1972, Viti was adjudged in contempt by Judge Costantino as prescribed by § 301(a) of the Act, 28 U.S. C. § 1826. Viti contends that the sections unconstitutionally abridge his fifth amendment privilege against self-incrimination because the immunity granted

**1270**

may still leave him subject to prosecution for the transactions involved.

The Supreme Court has laid this issue to rest. On May 22, 1972 it held that §§ 201(a) & 301(a) of the Act are constitutional since "immunity from use and derivative use is coextensive with the scope of the privilege." Kastigar v. United States, — U.S. —, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). *See* Zicarelli v. New Jersey State Commission of Investigation, 405 U.S. —, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972).

We, therefore, affirm the judgment of the court below.